# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9178 | **DATE** | 9/6/2012 |
| **CASE TITLE** | Jose Antonio Cossio, Jr. vs. The Department of the Air Force, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss is granted with prejudice. Judgment to be entered in favor of Defendants. Plaintiff's Motion for Default Judgment and his Motion to Convert the Motion for Default Judgment to one for Summary Judgment are denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Jose Antonio Cossio, Jr ("Cossio"), an Air Force enlistee, was tried by a court-martial for larceny of currency valued at more than $500 and two specifications of communicating a treat. He was convicted of the larceny charge and one of the threat charges (threatening to put an airman into a coma) but was acquitted of the other threat charge. He concedes his guilt as to the larceny charge which he committed by diverting electronically a fellow airman's pay check to a children's charity in Russia. He received as a sentence a bad conduct discharge, ten months' confinement and a fine of $750. During sentencing the court admitted two letters of reprimand, a demotion action and a performance report memorializing these disciplinary actions.

Cossio unsuccessfully pursued appellate relief through a direct appeal to the Air Force Court of Criminal Appeals (the "AFCCA") and twice sought writs of *error coram nobis* from the same court. The writs sought relief focusing on production, development and consideration of evidence undermining credibility of witnesses and the alleged unlawful command influence to suppress exculpatory evidence. Ultimately the AFCCA denied him *coram nobis* relief. He twice requested but was denied review by the Court of Appeals of Armed Forces. On September 22, 2011, he was terminated from his employment with Comcast Cable when it learned of the bad conduct discharge.

As a result of all of the above he now seeks reinstatement, or in the alternative, an honorable discharge, back pay, and other relief pursuant to the Little Tucker Act (the "LTA"), 28 U.S.C. § 1346(a)(2). Relief under the LTA is limited to collateral attacks based on either jurisdictional or constitutional grounds. *United States v. Augenblick*, 393 U.S. 348 (1969). Cossio concedes that the military courts had jurisdiction so his action is based solely on alleged constitutional violations. As Cossio states, relief under the LTA is somewhat analogous to a petition for *habeas corpus*. It is necessary for him to demonstrate that his claims must be "serious" and "demonstrated convincingly" a deprivation of fundamental fairness that impaired his right to due process. As stated by the United States Supreme Court:

[Soldiers must be protected] from the crude injustices of a trial so conducted that it becomes bent

> on fixing guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the miliary courts as well as civil courts.

*Burns v. Wilson*, 346 U.S. 137, 142-3 (1953). Questions of fact resolved by military courts cannot be collaterally attacked and the court cannot re-weigh the evidence. Further, matters not raised before the military courts cannot be raised in an LTA case, absent a showing of good cause for the failure. *Moore v. United States*, 61 FedCl. 146, 150 (2004).

The Department of the Air Force (the "Department') has moved to dismiss this lawsuit arguing that Cossio failed to exhaust administrative review of some of his contentions, and that the remainder of his contentions constitutes improper collateral attacks.

Cossio's first claim: that the Military court admitted "punitive letters of reprimand" at this sentencing hearing to which he did not object. The Court therefore considered these documents in determining the appropriate sentence. Cossio seems to consider the existence of these documents as a separate cause of action rather than part of his court-martial proceeding. Instead of responding to the allegation of failure to exhaust, he argues that his efforts to have his military records corrected by the Air Force Board of Correction for Miliary Records ("AFBCMR") constituted exhaustion. However, this Board is not part of the military court system and is precluded from directly overturning court-martial convictions, but may only act on sentences for purposes of clemency. 10 U.S.C. § 1552 (f)(1). It was squarely held in *Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir. 1990) that constitutional issues not raised in the military justice system are waived by a plaintiff seeking to attack a court-martial conviction on constitutional grounds.

Cossio's second ground for attacking his court-martial conviction is his contention that his proceeding lacked due process through a denial of "fundamental fairness." He includes here the admission of the "punitive documents" and the failure to turn over impeachment evidence which included the fact that the complaining witness had been convicted of passing worthless checks. However, these matters were, in fact, considered by the military justice system under his complaint of unlawful command influence. He therefore received full and fair consideration of this claim.

The biggest hurdle faced by Cossio is the fact that he admits that he is guilty of the larceny charge which alone carries a possible sentence of dishonorable discharge, a confinement of up to ten years, and an unlimited fine. **Manual for Courts-Martial**, § 46e(1)(c)(2008 Ed.). Accordingly his bad conduct discharge cannot be characterized as a miscarriage of justice since it was less than what could have been given. As stated by the Supreme Court in *Claassen v. United States*, 142 U.S. 140, 146 (1891):

> In criminal cases, the general rule, as stated by Lord Mansfield before the Declaration of Independence, is "that if there is anyone count to support the verdict, it shall stand good, notwithstanding all the rest are bad."

It is also difficult to contend that Cossio was a victim of a show trial where, as here, he was acquitted of one of the three counts pending against him. It appears that the military court was able to view the evidence dispassionately and render a decision that withstood multiple appeals within the system.

Accordingly Cossio has not been able to demonstrate that he was denied fundamental fairness so as to make the proceeding devoid of due process.

The Defendants' Motion to Dismiss is granted with prejudice. Judgment to be entered in favor of the Defendants.

Cossio filed a Motion for Default Judgment and later a Motion to Convert the Motion to one for Summary Judgment. The Motions are denied as moot.